1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                   **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   DOUGLAS ERNESTO RAMIREZ,                Case No. 25-cv-03076-BAS-AHG

12                                Petitioner,   **ORDER:**

13        v.
                                                **(1) REQUIRING THE**
14   KRISTI NOEM, *et al.*,                        **GOVERNMENT TO RESPOND**
                                                    **TO PETITION FOR WRIT OF**
15                                Respondents.      **HABEAS CORPUS (ECF No. 1);**

16
17                                              **(2) SETTING BRIEFING**
                                                    **SCHEDULE ON MOTION FOR**
18                                                  **INJUNCTIVE**
                                                    **RELIEF (ECF No. 2); AND**
19
20                                              **(3) PROVIDING NOTICE UNDER**
21                                                  **RULE 65(a)(2)**
22

23        On November 10, 2025, Petitioner Douglas Ernesto Ramirez filed a Petition for Writ

24   of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (ECF No. 1.)  In his Petition, Petitioner

25   claims that he is being detained by Immigration and Customs Enforcement ("ICE") in

26   violation of the Immigration and Nationality Act, as well as the Fifth Amendment.  (*Id.*)

27        In addition, Petitioner filed an *Ex Parte* Application for Temporary Restraining

28   Order and Order to Show Cause ("Motion for Injunctive Relief").  (ECF No. 2.)  Petitioner

asks the Court to order his immediate release from ICE custody or require an individualized bond hearing before an immigration judge.  (*Id.*)

Having reviewed the Petition, the Court finds summary dismissal is unwarranted at this time. *See Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) ("Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.").  Therefore, the Court will order the Government to respond to the Petition.

Turning to the Motion for Injunctive Relief, the Court denies the *ex parte* request for a temporary restraining order.  *See* Fed. R. Civ. P. 65(b).  "While temporary restraining orders may be heard in true *ex parte* fashion (i.e., without notice to an opposing party), the Court will do so only in extraordinary circumstances. The Court's strong preference is for the opposing party to be served and afforded a reasonable opportunity to file an opposition."  Standing Order for Civil Cases § 9; *see also Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 438–39 (1974) (discussing *ex parte* temporary restraining orders and their "stringent restrictions"); *accord Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (same).  Thus, the Court will instead consider the Motion for Injunctive Relief under Rule 65(a) and provide the Government with an opportunity to respond.

Finally, the Court provides notice to the parties that it intends to consolidate the Motion for Injunctive Relief with a determination on the merits under Rule 65(a)(2).  *See* Fed. R. Civ. P. 65(a)(2); *see also Slidewaters LLC v. Wash. State Dep't of Lab. & Indus.*, 4 F.4th 747, 759 (9th Cir. 2021) (noting the court can invoke Rule 65(a)(2) by giving "clear and unambiguous notice").  Accordingly, the Court **ORDERS** as follows:

1.    The Government must file a response to the Petition and the Motion for Injunctive Relief no later than **November 20, 2025**.  The Government's response must address the allegations in the Petition and must include any documents relevant to the determination of the issues raised in the Petition.

- 2 -

25cv3076

1      2.    Petitioner may file a reply in support of his Petition and the Motion for

2  Injunctive Relief no later than **November 26, 2025**.

3      3.    The Clerk of Court shall provide the Civil Division of the U.S. Attorney's

4  Office with a copy of the Petition (ECF No. 1), the Motion for Injunctive Relief (ECF No.

5  2), and this Order.

6      **IT IS SO ORDERED.**

7

8  **DATED: November 13, 2025**

9      **Hon. Cynthia Bashant, Chief Judge**
   **United States District Court**

10

25cv3076